**In re Michael EUGENE, Debtor.**

**No. 05–25292–BKC–JKO.**

United States Bankruptcy Court,
S.D. Florida,
Fort Lauderdale Division.

July 12, 2010.

Jared J. Kullman, Esq., Miramar, FL, LaShawn Strachan, Esq., North Miami, FL, for Debtor.

### ORDER TO SHOW CAUSE AND SETTING HEARING

JOHN K. OLSON, Bankruptcy Judge.

This five-year-old chapter 7 case is before me on the Debtor's motion to reopen the case to add an omitted creditor and to permit the Debtor to file an adversary proceeding against that alleged creditor, Direct Loans, seeking discharge of debt owed to that creditor. This procedure is permitted by Federal Rule of Bankruptcy Procedure 5010 and by Local Rule 5010–1(B), and such motions may be considered without a hearing pursuant to Local Rule 9013–1(D)(3)(i).

Although motions like this are routinely filed and just as routinely granted, this case presents a curious history. The case was filed August 22, 2005 and administered as a no asset case. The Debtor's discharge was granted November 24, 2005 and the case was closed on November 25, 2005.

A mere two months later, the Debtor filed a motion to reopen the case to add omitted creditors on January 24, 2006. That motion was granted by order entered January 27, 2006, and the Debtor duly filed two adversary proceedings seeking to discharge omitted debts. Those adversary proceedings concluded and the case was again closed on March 23, 2006.

On November 14, 2006, the Debtor again sought to reopen the case to add four additional omitted creditors. That motion was duly granted, adversary proceedings commenced, and the case closed again on March 30, 2007.

After a three year hiatus, the Debtor filed a new motion to reopen (the third such motion) on March 19, 2010. That motion sought to reopen to eliminate liens on exempt homestead property held by two prepetition judgment creditors and to add an additional omitted creditor, Direct Loans. The motion alleged that the creditor was omitted "due to inadvertence and excusable neglect." The motion was granted without a hearing on March 24, 2010. The order provided that both lien avoidance motions and an adversary proceeding seeking to discharge the debt owed to Direct Loans were to be filed within 15 days.

Although the lien avoidance motions were timely filed and duly expunged by orders, no complaint seeking to discharge the Direct Loans debt was ever filed. The case was thereafter closed—the fourth closing—on June 14, 2010.

The motion now before me—the *fourth* motion to reopen to add omitted creditors—was filed June 26, 2010. In it, the Debtor seeks to reopen the case to add Direct Loans as a creditor, and alleges that Direct Loans was omitted previously "due to inadvertence and excusable neglect." Neglect may have been excusable when the case was originally filed. Neglect may have been excusable on the first, second, or third motions to reopen. But inadvertent omission looks like something quite different on the fourth go-round, especially when the relief sought in this fourth motion was previously sought and granted three months ago.[1] The appearance here is of *inexcusable* neglect. But I can reach no such conclusion on the record before me. Rather, I will direct the Debtor and his counsel, Jared J. Kullman, to appear before me and explain this curious history and what appear to be misrepresentations of the facts. Accordingly, it is

**ORDERED** that Michael Eugene, the Debtor herein, and Jared J. Kullman, Esquire, shall appear before me on **August 17, 2010 at 10:30 a.m.** in Courtroom 301, United States Courthouse, 299 East Broward Boulevard, Fort Lauderdale, Florida 33301 and show cause why I should not (a) deny the motion, and (b) impose sanctions on Mr. Kullman for making false representations to the Court.

---

1. "To lose one parent, Mr. Worthing, may be regarded as a misfortune; to lose both looks like carelessness." Oscar Wilde, *The Importance of Being Earnest, Act I* (1895).